**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paulina Buhagiar, | No. CV-19-05761-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

At issue is Defendant's Motion for More Definite Statement (Doc. 11), to which Plaintiff filed a Response (Doc. 12) and Defendant filed a Reply (Doc. 13).

Federal Rule Civil of Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

A court should deny such a motion "if the complaint is specific enough to notify the defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010). Courts thus should grant such a motion only if "the complaint is so indefinite that defendant cannot ascertain the nature of the claim being asserted." *Id.* at 1191.

Plaintiff's Complaint (Doc. 1, "Compl.") immediately begins, without any preceding allegations, with a heading titled:

**CLAIM FOR RELIEF**

(Title VII of the Civil Rights Act of 1970 [sic], As Amended)

(Family Medical Leave Act of 1993)

Beneath this, the Complaint states the action is a "racial and discrimination action [] brought pursuant to Title VII of the Civil Rights Act of 1964." (Compl. ¶ 3.) In that same paragraph, however, it also asserts the "lawsuit is brought pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981, and 1981a," which the Court notes is an entirely different statute from Title VII. The next paragraph states, "This wrongful termination action is also brought pursuant to the Family Medical Leave Act of 1993." (Compl. ¶ 4.)

The Complaint proceeds to allege the following factual allegations. Plaintiff is a Filipino female who was employed by Defendant for approximately two years. On or around November 15, 2018, she "first began to experience a hostile work environment, being mistreated by her co-workers and supervisor, Annette Badon." (Compl. ¶ 11a.) Plaintiff complained of the mistreatment to Ms. Badon's supervisor on January 8, 2019. (Compl. ¶ 11b.) The next day, Ms. Badon removed Plaintiff "from her essential tasks and redirected" her to the mailroom to process mail, which was not a function of her job. (Compl. ¶ 11c.) On January 11, 2019, Plaintiff complained to Human Resources about harassment she was receiving based on her national origin. (Compl. ¶ 11d.)

Later in the month, allegedly due to her demotion to the mailroom, Plaintiff suffered heart palpitations and a traumatic shift in blood pressure, resulting in her hospitalization. (Compl. ¶ 11e.) She was authorized to take a leave of absence through February 8, 2019, and was later granted leave under the FMLA through January 2020. On February 21, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging racial and disability discrimination. (Compl. ¶ 8.) Over the next few months, Plaintiff "remained active in [the EEOC investigation] and submitted

medical documentation to Ms. Badon, requesting a reasonable accommodation. She was denied an accommodation and instead instructed to simply call the sick line every day." (Compl. ¶ 11h.) Eventually, Defendant erroneously informed Plaintiff that her FMLA leave was expiring and terminated her prematurely on October 17, 2019.

Defendant contends Plaintiff's Complaint fails to plead separate counts or causes of action, making her claim for relief "unclear and unintelligible," and fails to comply with Rule 8's pleading standards. The Court agrees.

As noted above, the Complaint contains one "Claim for Relief," under which both Title VII and the FMLA are listed. Plaintiff argues the Complaint "clearly identifies claims of discrimination based on national origin, disability and wrongful termination." (Resp. at 5.) Not so. Scattered throughout the Complaint are references to discrimination based on race, national origin, and disability; harassment based on national origin; a hostile work environment; retaliation; ratification of and failure to remedy other employees' discriminatory behavior; and wrongful termination. Title VII prohibits an employer from discriminating against an individual because of her race, color, religion, sex, or national origin, and also forbids retaliation against an employee who exercises the rights recognized by the statute. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006); 42 U.S.C. § 2000e–2. Thus, while some of Plaintiff's theories may give rise to liability under Title VII, Plaintiff fails to clearly delineate which ones are the subject of her Title VII claim or allege sufficient facts underpinning the same. It is not enough to simply assert a general right to relief under a statute as broad as Title VII, especially when the Complaint contains language touching upon multiple forms of Title VII violations.

Cobbling together the factual allegations, it appears Plaintiff asserts she was wrongfully terminated while on FMLA leave, in violation of the FMLA. However, the references to a disability are more ambiguous. The Complaint employs language regarding disability-based discrimination and Plaintiff's requests for a reasonable accommodation, legal paradigms under the Americans with Disabilities Act ("ADA"). Indeed, the Charge of Discrimination filed with the EEOC and attached to Plaintiff's Response asserts Plaintiff

was "discriminated against because of [her] disability, in violation of the Americans with Disabilities Act." (Resp. Ex. 3.) Yet, Plaintiff does not assert an ADA claim. Thus, it is again unclear under what theories or statutes her claims arise.

Defendant is entitled to "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). In short, the Complaint fails to provide such notice. Plaintiff must clarify and separate her theories of liability under Title VII and the FMLA, and allege with more precision the facts relevant to each claim. Should she assert multiple Title VII claims, she must clearly label each claim in separately numbered paragraphs and provide the factual bases for each. Should she assert only national origin discrimination—as the Response suggests—the Complaint must more clearly reflect that. The same command applies to her FMLA claims or other disability-based claims.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for More Definite Statement (Doc. 11). Pursuant to Rule 12(e), Plaintiff has 14 days to file a First Amended Complaint that complies with this Order and the applicable Federal Rules of Civil Procedure.

Dated this 17th day of April, 2020.

Honorable John J. Tuchi
United States District Judge